FILED
JAN - 6 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL ROBERTA, father and
as Personal Representative of the
Estate of Ashley Roberta,

and

MICHAEL ROBERTA, Individually,

and

JANICE ROBERTA, Individually,

and

MICHAEL ROBERTA, JR., Individually,

    Plaintiffs,

v.

DAS ENTERPRISES, INC. d/b/a SHADOW ROOM,

and

RED BULL NORTH AMERICA
1740 Stewart Street
Suite 320
Santa Monica, CA 90404

    Defendants.

Case: 1:12-cv-00021
Assigned To . Boasberg, James E.
Assign. Date : 1/6/2012
Description: PI/Malpractice

JURY ACTION

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Red Bull North America, Inc., incorrectly sued as Red Bull North America ("Red Bull"), by counsel, for its Notice of Removal states as follows:

    1.    On or about December 6, 2011, plaintiff Michael Roberta and others filed suit against DAS Enterprises, Inc. d/b/a Shadow Room ("DAS") and Red Bull in the Superior Court

of the District of Columbia in the case styled, *Michael Roberta father and Personal Representative of the Estate of Ashley Roberta, et al. v. DAS Enterprises, Inc. d/b/a Shadow Room, et al.*, Case No. 0009683-11 (the "Complaint"). (A true and accurate copy of the Complaint is attached hereto as Exhibit 1 and incorporated herein by reference.) The Complaint seeks $20,000,000 in damages.

2. Upon information and belief, plaintiffs are citizens of the State of Maryland.

3. Upon information and belief, DAS is a citizen of the District of Columbia, but has not been served with the Complaint.

4. Red Bull is a citizen of the State of California. Red Bull has not been served with the Complaint.

5. The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

6. This Court has jurisdiction over this action because the Complaint seeks in excess of $75,000 in damages and the parties are citizens of different States. *See* 28 U.S.C. § 1332(a)(1)(district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different States).

7. A diversity action is removable from state court "if none of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

8. Removal of this action is proper because there is complete diversity of citizenship and DAS has not been served with the Complaint. *See* 28 U.S.C. § 1441(b)(action may be removed if none of the parties in interest properly joined *and served* as defendants is a citizen of

the State in which such action is brought); *Kopff v. World Research Group*, 298 F.Supp.2d 50, 57 (D.D.C. 2003)(unserved defendant not required to join in notice of removal); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001)("Where there is complete diversity of citizenship . . ., the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)"); 14B Charles Alan Wright, Arthur R. Miller, *et al.*, FEDERAL PRACTICE AND PROCEDURE § 3723 (4th ed.)("the language in Section 1441(b), providing that diversity cases 'shall be removable only if none of the parties properly joined and served as defendants is a citizen of the state in which such action is brought' implies that a diverse but resident defendant who has not been served may be ignored in determining removability.").

WHEREFORE, Red Bull North America, Inc., incorrectly sued as Red Bull North America, submits this Notice of Removal.

Respectfully submitted,

RED BULL NORTH AMERICA, INC.

By Counsel

Counsel:

James W. Barkley (DC Bar #431928)
Morin & Barkley LLP
455 Second Street, SE, Suite 200
Charlottesville, VA  22902
Telephone:  (434) 293-1200
Facsimile:  (434) 293-2135
jwbarkley@morinandbarkley.com

Counsel for Red Bull North America, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January, 2012, I sent a true and accurate copy of the foregoing by regular mail, postage prepaid to the following:

Charles A. Gilman, Esquire
CHARLES A. GILMAN, L.L.C.
108 W. Timonium Road, Suite 203
Timonium, Maryland 21093

Counsel for Plaintiffs

and

Valerie L. Tetro, Esquire
Whiteford Taylor Preston LLP
1025 Connecticut Avenue, N.W., Suite 400
Washington, D.C. 20036
vtetro@wtplaw.com

Counsel for Das Enterprises, Inc. d/b/a Shadow Room

_____
James W. Barkley (DC #431928)

S \OFFICE\capitol indemnity\Red Bull - Roberta\notice removal docx

4



EXHIBIT
1
ALL-STATE® INTERNATIONAL

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

MICHAEL ROBERTA father and as                    :
Personal Representative of the Estate of
**ASHLEY ROBERTA**                               :
2011 Highland Ridge Drive
Phoenix, Maryland 21131                          :

and                                              :

**MICHAEL ROBERTA,** Individually                :
2011 Highland Ridge Drive
Phoenix, Maryland 21131                          : CASE NO.: 0009683-11

and                                              :

**JANICE ROBERTA,** Individually                 : JURY TRIAL DEMANDED
2011 Highland Ridge Drive
Phoenix, Maryland 21131                          :

and                                              :

**MICHAEL ROBERTA, JR.** Individually            :
2011 Highland Ridge Drive
Phoenix, Maryland 21131                          :

    Plaintiffs                :

v.                                               :

**DAS ENTERPRISES, INC. d/b/a SHADOW ROOM**
2131 K Street Northwest
Washington, DC 20037                             :

SERVE RESIDENT AGENT:                            :
Jecca Corporate Services, Inc.
1225 19th Street, N.W., #320                     :
Washington, D.C. 20036
                                                 :
and
                                                 :

FILED
CIVIL ACTIONS BRANCH
DEC 06 2011
Superior Court
of the District of Columbia
Washington, DC



Case: 2011 CA 009683 V

**12 0021**

1

**FILED**

JAN - 6 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| **RED BULL NORTH AMERICA**<br>1740 Stewart Street<br>Suite 320<br>Santa Monica, CA 90404<br><br>SERVE RESIDENT AGENT<br>Corporation Service Company<br>1201 Hays Street<br>Tallahassee, FL 32301-2525<br><br>    Defendants | :<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

COME NOW the Plaintiffs', Michael Roberta father and as Personal Representative of the Estate for Ashley Roberta, Michael Roberta, Individually, Janice Roberta, Individually, and Michael Roberta, Jr., Individually by counsel, respectfully files this complaint against the above-named Defendants, on the grounds and in the amount as is hereinafter set forth.

### PARTIES

1) That Plaintiff, Michael Roberta is a resident of Baltimore County, Maryland and the Personal Representative of the Estate of Ashley Roberta.

2) The Estate of Ashley Roberta is an Estate subject to the laws of Maryland.

3) That Plaintiff, Janice Roberta is a resident of Baltimore County, Maryland and the mother of the decedent.

4) That Plaintiff, Michael Roberta, Jr. is a resident of Baltimore County, Maryland and the brother of the decedent.

5) Defendant, Das Enterprises Inc., d/b/a Shadow Room is a foreign corporation with its principal place of business for the Shadow Room at 2131 K Street, N.W., Washington, D.C. 20037.

2

6) Defendant Red Bull North America is a foreign corporation with its principal place of business located at 1740 Stewart Street, Suite 320, Santa Monica, CA 90404.

## JURISDICTION AND VENUE

7) Jurisdiction is proper because the certain events giving rise to the Plaintiffs complaint occurred in the District of Columbia.

8) Venue is proper as Defendant, DAS Enterprises, Inc. operates the Shadow room, a D.C. nightclub and bar.

9) Venue is proper as to Defendant, Red Bull of North America, as they hosted the event in question at the Shadow room in the District of Columbia.

## FACTS APPLICABLE TO ALL COUNTS

10) On or about October 12, 2009, the decedent, Ashley Roberta arrived at the Shadow Room for a private event hosted by Red Bull North America.

11) As part of the event hosted by Red Bull, Defendants provided an "open bar" to the guests who attended.

12) Upon information and belief, the only manner to enter into the Shadow Room on the evening in question was with a wrist band supplied by Red Bull.

13) At all times relevant herein, it was the duty of defendant to follow the rules and regulations as set for in the Alcoholic Beverage Control Act, D.C. Code § 25-121.

14) Specifically, at all times relevant herein, it was the duty of defendant to follow the "Standards of Operations" as proscribed by the Act.

15) Section 25-781 of the Act prohibits the "sale or delivery of alcoholic beverages to the following persons," which includes (3) "an intoxicated person, or any person who appears to be intoxicated."

16) In spite of their obligations under the Act and despite the fact that Espinoza became visibly intoxicated such that a reasonable person should have known, or discovered that she should not have been served additional alcohol, the Defendants continued to serve Espinoza alcohol.

17) Defendants had an obligation to be aware of the condition of their guests, to check the identification of their guests for proper ages, and to obey all provisions included in the Act, all with the safety of others kept in mind.

18) Upon information and belief, Red Bull supplied wrist bands to enter the event; provided Red Bull energy drinks to be used for consumption with alcoholic beverages and/or provided the alcohol to be used in conjunction with the energy drinks; and generally provided alcohol for the event; and Red Bull employees provided such drinks to individuals present at the Shadow Room, including but not limited to, Espinoza.

19) Red Bull, as the "host" of the event at Shadow Room also had a duty to be aware of the provisions included in the Act and to comply with the same, including but not limited to, not providing alcohol to individuals who were intoxicated and/or appeared intoxicated, as Espinoza was.

20) Notwithstanding said duties, defendants did carelessly and negligently host the open bar event; operate the facility; provide alcohol to obviously intoxicated individuals; instruct their employees to provide alcohol to individuals at the event, with no limitation, i.e., "open bar", and by failing to recognize that Espinoza was visibly intoxicated and continuing to serve her alcohol in spite of this, and in spite of their obligations under the Act.

21) Following her departure from the Shadow Room, and being served by the Defendants an excessive amount of alcohol, Espinoza was involved in a fatal car accident that caused the death of the Plaintiff, Ashley Roberta.

22) As a direct and proximate result of the Defendant's negligence, Plaintiff was ejected from the vehicle and pronounced dead at the scene of the accident.

23) At all times relevant to the allegations as raised in the Complaint, the Defendants negligence in failing to comply with the provisions of the Act resulted in the injuries suffered by the Plaintiff. Plaintiff in no way contributed to the cause of her injuries.

## COUNT I
(NEGLIGENCE)

Plaintiffs incorporate by reference each and every allegation as set forth above.

24) At all times relevant herein, Ashley Roberta was a passenger in the vehicle operated by Espinoza.

25) As a direct and proximate result of the Defendant's negligence, Plaintiff was ejected from the vehicle and pronounced dead at the scene of the accident.

26) The Plaintiffs' further state that all of the damages, and losses complained of were caused directly by the negligence of Defendant, without any negligence on the part of the Plaintiffs' contributing thereto.

WHEREFORE, the Plaintiffs, Michael Roberta father and as Personal Representative of the Estate for Ashley Roberta, Michael Roberta, Individually, Janice Roberta, Individually, and Michael Roberta, Jr., Individually demands judgment against the Defendants in the full and just amount of Ten Million Dollars ($10,000,000.00), in compensatory damages, punitive damages, plus costs on there behalf expended, and interest from the date of the negligence in this case, as allowed by law.

## COUNT II
### (NEGLIGENCE PER SE)

Plaintiffs incorporate by reference each and every allegation as set forth above.

27) Defendant violated D.C. Code § 25-121; 25-781 of the Alcoholic Beverage Control Act.

28) Section 25-718 prohibits an entity under the Act (any entity that holds a license through the District) from selling or delivering alcoholic beverages to "an intoxicated person, or any person who appears to be intoxicated."

29) The Act was enacted, at a minimum in part, to promote safety in the sale of alcoholic beverages. This is evidenced by many sections of the Act, but specifically, section 25-781 which prohibits the sale to intoxicated individuals; minors; and individuals who are known to have "notoriously intemperate habits".

30) Plaintiff herein is a member of the class to be protected, as she was injured by the actions of an individual who was provided alcohol by the Defendants to the point of intoxication and beyond.

31) The Defendants are both subject to the Act.

32) Defendant Shadow Room is subject to the Act as it obtained a license through the District of Columbia and/or the District of Columbia Alcoholic Beverage Regulation Administration.

33) Defendant Red Bull is subject to the Act as it provided alcohol in conjunction with a license subject to the act, and the Alcoholic Beverage Control Board is provided authority by and through the Act to enforce the provisions of the Act with respect to "any person not holding a license and selling alcohol in violation of the provisions" of the Act. (§25-801).

6

34)     The Defendants violation of the statute, were the proximate cause of Ashley Robetra's death.

WHEREFORE, the Plaintiffs, Michael Roberta father and as Personal Representative of the Estate for Ashley Roberta, Michael Roberta, Individually, Janice Roberta, Individually, and Michael Roberta, Jr. demands judgment against the defendants in the full and just amount of Ten Million Dollars ($10,000,000.00), in compensatory damages and punitive damages, plus costs on her behalf expended, and interest from the date of the negligence in this case, as allowed by law.

**COUNT III**
(Survival Action – Negligence of Defendants Das
Enterprises d/b/a Shadow Room and Red Bull)

Plaintiffs incorporate by reference each and every allegation as set forth above:

35)     At all times relevant herein, it was the duty of Defendants, Shadow Room and Red Bull, to use ordinary and reasonable care, for the safety and well being of persons in the premises of Shadow Room at the Red Bull event and to be in proper control and/or act in a reasonable, careful, and prudent manner with due regard for the safety of others.

36)     Notwithstanding said duties, Defendants Shadow Room and Red Bull did carelessly and negligently act in such a way as to cause the death of Ashley Roberta.

37)     As a direct and proximate result of the Defendants' negligence, Ashley Roberta died.

38)     Pursuant to District of Columbia Statute §12-101 "Survival of Rights of Action" the Personal Representative of the Estate has the right to bring such an action.

WHEREFORE, the Plaintiff, Michael Roberta father and as Personal Representative of the Estate for Ashley Roberta demands judgment against the defendants in the full and just amount of Twenty Million Dollars ($20,000,000.00), in compensatory damages and punitive

damages, plus costs on her behalf expended, and interest from the date of the negligence in this case, as allowed by law.

## COUNT IV
(Wrongful Death – Md. Code Ann. Cts & Judicial Proceedings §3-901 et. seq. Defendants Shadow room and Red Bull)

Plaintiffs incorporate by reference each and every allegation as set forth above:

39) Plaintiffs Michael Roberta father and as Personal Representative of the Estate for Ashley Roberta, Michael Roberta, Individually, Janice Roberta, Individually, and Michael Roberta, Jr. are primary beneficiaries in this action pursuant to §3-904 of the Courts and Judicial Proceedings Article of the Maryland Code Annotated.

40) As a direct and proximate result of the Defendants negligence, and for which Decedent Ashley Roberta would have been able to maintain an action against, and recover damages from, the Defendants, had she survived, Ashley Roberta sustained fatal injuries and was pronounced dead on October 13, 2009.

41) As a direct and proximate result of Defendants Red Bull and Shadowroom's negligence in causing the death of Ashley Roberta, Plaintiffs Michael Roberta father and as Personal Representative of the Estate for Ashley Roberta, Michael Roberta, Individually, Janice Roberta, Individually, and Michael Roberta, Jr., sustained mental anguish; emotional pain and suffering; loss of society, companionship, comfort, attention, advice, counsel and consortium.

42) This Complaint is timely filed within three (3) years after the death of Ashley Roberta pursuant to Section 3-904(g) of the Courts and Judicial Proceedings Article of the Maryland Code Annotated.

WHEREFORE, the Plaintiffs, Michael Roberta father and as Personal Representative of the Estate for Ashley Roberta, Michael Roberta, Individually, Janice Roberta, Individually, and

Michael Roberta, Jr., Individually demands judgment against the Defendants in the full and just amount of Ten Million Dollars ($10,000,000.00), in compensatory damages, punitive damages, plus costs on there behalf expended, and interest from the date of the negligence in this case, as allowed by law.

**COUNT V**
(Survival Action – Md. Code Ann. Estates and Trusts §7-401 et. seq.
Defendants Shadow Room and Red Bull)

Plaintiffs incorporate by reference each and every allegation as set forth above:

43) The Plaintiff Michael Roberta father and as Personal Representative of the Estate for Ashley Roberta, may bring a Survival Action pursuant to Section 7-401 of the Estates and Trusts Article of the Maryland Annotated Code.

44) On October 13, 2009, Ashley Roberta, sustained severe bodily injuries, which resulted in her death.

45) The Defendants Red Bull and Shadow room owed Ashley Roberta duties to use reasonable care.

46) As a direct and proximate result of Defendants Red Bull and Shadow Room's negligence, Ashley Roberta sustained severe conscious pain and suffering between the time of the collision and until the time of her death.

WHEREFORE, the Plaintiff, Michael Roberta father and as Personal Representative of the Estate for Ashley Roberta demands judgment against the defendants in the full and just amount of Twenty Million Dollars ($20,000,000.00), in compensatory damages and punitive damages, plus costs on her behalf expended, and interest from the date of the negligence in this case, as allowed by law.

## JURY TRIAL REQUEST

Plaintiff, by counsel, respectfully requests trial by jury.

CHARLES A. GILMAN, L.L.C.

_____
Charles A. Gilman
CHARLES A. GILMAN, L.L.C.
108 W. Timonium Road, Suite 203
Timonium, Maryland 21093
(410) 560-4999

*Attorney for Plaintiff*

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Michael Roberta, Et. al.
_____
Plaintiff

vs.

Red Bull North American, et.al.
_____
Defendant

0009683-11
_____
Case Number

## SUMMONS

To the above named Defendant:

  You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

  You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Charles A. Gilman
_____
Name of Plaintiff's Attorney

108 W. Timonium Road, Suite 203
_____
Address
Timonium, Maryland 21093

410-560-4999
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

如需翻译，请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Dé co mót bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요   ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

  If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan 2011                                         CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Michael Roberta, Et. al.
_____
Plaintiff

0009683-11

vs.                                                  Case Number _____

Das Enterprises, Inc. d/b/a Shadow Room, et.al.
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Charles A. Gilman
_____
Name of Plaintiff's Attorney

108 W. Timonium Road, Suite 203
_____
Address
Timonium, Maryland 21093

410-560-4999
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date 12/04/20 4/

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET                    000968!-11

Michael Roberta, et. al.

Case Number: _____

vs

Das Enterprises, Inc., et.al.

Date: 12/2/11

☑ One of the defendants is being sued in their official capacity.

| Name: (please print) Charles A. Gilman | Relationship to Lawsuit<br>☐ Attorney for Plaintiff |
|---|---|
| Firm Name: Charles A. Gilman, LLC | ☐ Self (Pro Se)<br>Other: _____ |
| Telephone No.: 410-560-4999    Six digit Unified Bar No.: 477565 | |

TYPE OF CASE:   ☐ Non-Jury         ☐ 6 Person Jury         ☑ 12 Person Jury
Demand:$ _____                Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: 2011CA008119B        Judge: Lee F. Satterfield        Calendar #: _____

Case No.: _____    Judge: _____    Calendar #: _____

---

NATURE OF SUIT:    (Check One Box Only)

**A. CONTRACTS**                                                      COLLECTION CASES
☐ 01 Breach of Contract       ☐ 07 Personal Property         ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty       ☐ 09 Real Property-Real Estate ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument    ☐ 12 Specific Performance      ☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 15 _____

**B. PROPERTY TORTS**
☐ 01 Automobile               ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion               ☐ 04 Property Damage                    ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102(a)

**C. PERSONAL TORTS**
☐ 01 Abuse of Process          ☐ 09 Harassment              ☐ 17 Personal Injury – (Not Automobile,
☐ 02 Alienation of Affection   ☐ 10 Invasion of Privacy           Not Malpractice)
☐ 03 Assault and Battery       ☐ 11 Libel and Slander       ☑ 18 Wrongful Death (Not malpractice)
☑ 04 Automobile-Personal Injury ☐ 12 Malicious Interference ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation) ☐ 13 Malicious Prosecution  ☐ 20 Friendly Suit
☐ 06 False Accusation          ☐ 14 Malpractice Legal       ☐ 21 Asbestos
☐ 07 False Arrest              ☐ 15 Malpractice Medical (Including wrongful death)  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                     ☐ 16 Negligence-(Not Automobile,    ☐ 23 Tobacco
                                    Not Malpractice)               ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/October 2010

## INFORMATION SHEET, Continued

| D. OTHERS<br>I.<br>☐ 01 Accounting<br>☐ 02 Att. Before Judgment<br>☐ 04 Condemnation (Emin. Domain)<br>☐ 05 Ejectment<br>☐ 07 Insurance/Subrogation<br>     Under $25,000 Pltf.<br>     Grants Consent<br>☐ 08 Quiet Title<br>☐ 09 Special Writ/Warrants<br>     DC Code § 11-941 | ☐ 10 T.R.O./Injunction<br>☐ 11 Writ of Replevin<br>☐ 12 Enforce Mechanics Lien<br>☐ 16 Declaratory Judgment<br>☐ 17 Merit Personnel Act (OEA)<br>     (D.C. Code Title 1, Chapter 6)<br>☐ 18 Product Liability<br>☐ 24 Application to Confirm, Modify,<br>     Vacate Arbitration Award<br>     (D.C. Code § 16-4315) | ☐ 25 Liens: Tax/Water Consent Granted<br>☐ 26 Insurance/Subrogation<br>     Under $25,000 Consent Denied<br>☐ 27 Insurance/Subrogation<br>     Over $25,000<br>☐ 28 Motion to Confirm Arbitration<br>     Award (Collection Cases Only)<br>☐ 26 Merit Personnel Act (OHR)<br>☐ 30 Liens: Tax/Water Consent Denied |
|---|---|---|
| II.<br>☐ 03 Change of Name<br>☐ 06 Foreign Judgment<br>☐ 13 Correction of Birth Certificate<br>☐ 14 Correction of Marriage<br>     Certificate | ☐ 15 Libel of Information<br>☐ 19 Enter Administrative Order as<br>     Judgment [D.C. Code §<br>     2-1802.03(h) or 32-1519(a)]<br>☐ 20 Master Meter (D.C. Code §<br>     42-3301, et seq.) | ☐ 21 Petition for Subpoena<br>     [Rule 28-I (b)]<br>☐ 22 Release Mechanics Lien<br>☐ 23 Rule 27 (a)(1)<br>     (Perpetuate Testimony) |

For individuals not represented by an attorney: ( ) I acknowledge receipt of the Civil Actions Pro Se Handbook.

_____    _____
Signature                         Date   12/4/11

CV-496/October 2010



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

MICHAEL ROBERTA
Vs.
DAS ENTERPRISES, INC.

C.A. No.   2011 CA 009683 V

## **INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JUDITH N MACALUSO
Date:  December 7, 2011
Initial Conference: 9:30 am, Friday, March 09, 2012
Location:  Courtroom 415
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Caio.doc

ADDENDUM TO INITIAL ORDER AFFECTING
ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc